IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01152-WYD-MJW

GILBERT FLORES,

Plaintiff,

v.

ALL AMERICAN HOMES OF COLORADO, LLC,

Defendant.

---

**RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND COMPLAINT (Docket No. 31)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Before the court is the Plaintiff's Motion to Amend Complaint (Docket No. 31), which was filed on May 1, 2006.  The court has considered the motion and the Response (Docket No. 33), as well as applicable Federal Rules of Civil Procedure, case law, and the court's file.  The court now being fully informed makes the following findings and recommendation.

Eight months ago, on September 1, 2005, this court entered a Scheduling Order which, *inter alia*, set an October 17, 2005, deadline for amendment of pleadings.  (Docket No. 16).  Over six months after that deadline, plaintiff moved to amend his Complaint.  In his original Complaint, plaintiff's first and only claim for relief was a discrimination claim based on race/national origin in violation of 42

2

U.S.C. § 2000e-2(a). Plaintiff claimed therein that his race and/or national origin was a motivating factor in defendant's decision to terminate him. (Docket No. 1 at 3-4). Now, in the tendered Amended Complaint, plaintiff's first and only claim for relief is a discrimination claim based on disparate impact in violation of 42 U.S.C. § 2000e-(2)(a)). Plaintiff claims in that proposed amended pleading that the defendant discharged him based on a facially neutral policy of discharging those employees based on seniority, which resulted in a disparate impact on the basis of race and/or national original. (Docket No. 31-4 at 3-4).

Since the plaintiff's motion was made after the deadline for amendment of pleadings, this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. **Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief**.
>
> . . .

3

> [If the court finds that the moving party has satisfied the first step in the analysis, the court next] consider[s] whether the [defendant] has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):
>
>> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668, 669 (D. Colo. 2001) (quotations and citations omitted) (emphasis added).

This court finds that the plaintiff has **not** satisfied the first step in the analysis as he has not established good cause to extend the time within which he may seek leave to amend his Complaint. In fact, plaintiff has offered no explanation for the delay in filing the instant motion, which was filed after the extended discovery deadline[1] and just 16 days before the dispositive motion deadline of May 17, 2006. Defendant has shown in its Response that as early as November 29, 2005, which was five months before the instant motion was filed, plaintiff had information concerning the theory he now seeks to raise in his amended pleading. More specifically, on that day plaintiff's counsel deposed defendant's Human Resources Manager. She was asked, and she answered, the following:

> Q (by plaintiff's counsel): So what was the non-discriminatory reason [for the action taken with respect to Plaintiff's employment]?

---

[1]The Scheduling Order set the discovery deadline as April 3, 2006 (Docket No. 16), which was later extended to April 17, 2006 (Docket No. 27), and then to April 28, 2006, for the limited purpose of deposing Del Herr (Docket No. 30).

4

> A: **Seniority**. We reduced our workforce - I should say we reduced our - not workforce but the overhead of salaried employees for budgetary reasons, and he was the less senior member of the department.
>
> Q: And so it's your feeling that even though the **impact** of what happened was to remove the two Hispanics and keep the one Caucasian that it was done for a non-discriminatory reason.
>
> A: Yes I do -

(Def.'s Ex. A-1 at 45:8-18) (emphasis added).

Based upon the above, it is hereby

**RECOMMENDED** that the plaintiff's Motion to Amend Complaint, which was filed on May 1, 2006 (Docket No. 31), be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

| | |
|---|---|
| Date:  May 8, 2006<br>Denver, Colorado | s/Michael J. Watanabe<br>Michael J. Watanabe<br>United States Magistrate Judge |