IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01152-WYD-MJW

GILBERT FLORES,

    Plaintiff,

v.

ALL AMERICAN HOMES OF COLORADO, LLC, a Colorado corporation,

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment filed June 19, 2006.  (Docket # 40).  This case involves a claim that Plaintiff was discharged on the basis of race, in violation of 42 U.S.C. § 2000e-2(a).  For the reasons stated below, Defendant's Motion for Summary Judgment is DENIED.

The facts pertinent to this case are as follows.[1]  Plaintiff is an Hispanic male and initially worked for Kan-Build (a predecessor of Defendant), for two years.  Plaintiff discontinued his employment with Kan-Build and moved from Colorado to Texas.  Plaintiff returned to Colorado and was re-hired by Kan-Build on December 8, 1998.  Plaintiff worked for Kan-Build, and later Defendant All American Homes of Colorado, LLC, until he was laid-off from the company on February 27, 2004.  At the time he was

---

[1] To the extent the facts are undisputed, I have not cited to the record or the parties' briefs.  Further, I have considered the other facts referenced in the briefs filed by the parties, but deem the facts set out herein the most relevant.

laid off, Plaintiff was a Roofing and Ceiling Department Supervisor at Defendant's facility in Milliken, Colorado. Defendant initiated the lay-off for budgetary reasons, specifically, to reduce overhead. Plaintiff was one of two Hispanic supervisors working for Defendant. The other Hispanic supervisor, Gilbert De La Fuente, was also laid-off in February of 2004.

Depositions were taken of three persons who were employees of Defendant at the time the lay-off occurred. (See Deps. of Annette Shafer, Ed Rosenberg, and Troy Biggs). These depositions present conflicting testimony as to the reasons that Defendant chose to lay-off the two Hispanic supervisors. Ms. Shafer and Mr. Rosenberg both testify that the decision to lay-off Plaintiff was made pursuant to a seniority policy. (Shafer Dep. 30:19-23, 45:10-45:11; Rosenberg Dep. 19:9-11). Mr. Biggs, on the other hand, testifies that the decision was not at all based on seniority, but instead based on skill base. (Biggs Dep. 24:1-5).

There also exists a dispute as to how many supervisors there were at the time Plaintiff was laid-off. Plaintiff testified in his deposition that at the time he was laid-off, there were only three supervisors. (Pl. Dep. 22:12-14). In his Response to Defendant's Motion for Summary Judgment, however, Plaintiff points to evidence indicating that there were four supervisors. (Pl. Resp. 11 (citing Ed Rosenberg Dep. 35:23-36:13)). From the record, it appears that the fourth alleged supervisor had less relative seniority than any of the other three supervisors. (Def. Br. Ex. A-5, Ex. C).

II.  ANALYSIS

  A.  There is No Disparate Impact Claim

In an effort to clarify the matters in dispute in this case, I will first identify the arguments and evidence that were not appropriately brought before this Court by Plaintiff in his Response to Defendant's Motion for Summary Judgment. I then address my analysis as to the Summary Judgment Motion.

Plaintiff asserts that a claim of disparate impact (in addition to the original claim for disparate treatment) is properly before this court. (Pl. Resp. 5). In his original Complaint, Plaintiff brought only one claim: discrimination based on race/national origin in violation of 42 U.S.C. § 2000e-2(a). On May 1, 2006, Plaintiff filed an untimely Motion to Amend Complaint, attempting to replace the disparate treatment claim with a claim for disparate impact pursuant to 42 U.S.C. § 2000e-2(k). The case was referred to Magistrate Judge Watanabe who issued a Recommendation that Plaintiff's Motion be denied on May 8, 2006. Nine days after Magistrate Judge Watanabe's Recommendation, on May 17, 2006, Plaintiff filed a Withdrawal of Motion to Amend Complaint. On May 18, 2006, I granted Plaintiff's Motion to Withdraw.

Because the original Complaint did not set forth factual allegations which would support a claim of disparate impact, Plaintiff needed an order of the Court granting the Motion to Amend. If Plaintiff wished to pursue a claim for disparate impact, the proper course would have been to file an objection to Magistrate Judge Watanabe's Recommendation. Plaintiff did not file such an objection and instead sought to withdraw the request to amend the Complaint. Thus, a claim for disparate impact is not

Case 1:05-cv-01152-WYD-MJW   Document 66   Filed 11/08/06   USDC Colorado   Page 4 of 8

before this Court. Therefore, in deciding this Motion for Summary Judgment, I only consider evidence and arguments relevant to the one claim properly before this court; a claim of disparate treatment pursuant to 42 U.S.C. § 2000e-2(k). I now turn to the summary judgment motion.

### B. Summary Judgment Standard

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing that no genuine issue of material fact exists is borne by the moving party. E.E.O.C. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000). In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. Anaya v. Crossroads Managed Care Systems, Inc., 195 F.3d 584 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. Boren v. Southwestern Bell Tel. Co., 933 F.2d 891, 892 (10th Cir. 1991).

In ruling on a summary judgment motion, the court must "determine if the party bearing the burden of proof on an issue at trial has presented sufficient evidence to raise a genuine issue of material fact as identified by the substantive law to warrant sending the issue to the factfinder." Aramburu v. Boeing Co., 112 F.3d 1398, 1401 (10th Cir. 1997), citing Celotex Corp v. Catrett, 477 U.S. 317 (1986).

### C. Whether Summary Judgment is Proper in this Case

Plaintiff's discriminatory treatment claim under Title VII is governed by the

analytical framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Richmond v. ONEOK, Inc., 120 F.3d 205, 208 (10th Cir.1997). "Under that standard, the plaintiff initially must establish a prima facie case." Id. If plaintiff establishes a prima facie case, then the burden of production shifts to the defendant to present evidence that it had a legitimate nondiscriminatory reason for its action. McDonnell Douglas, 411 U.S. at 802-03. If the defendant meets its burden of production, the presumption of discrimination is rebutted and "simply drops out of the picture." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 510 (1993). The plaintiff must then demonstrate that the defendant's proffered explanation is pretextual. Id. Evidence of pretext, plus the establishment of a prima facie case, is sufficient to avoid summary judgment; plaintiff is not required to present direct evidence of an illegal discriminatory motive. Reynolds v. School Dist. No. 1, 69 F.3d 1523 (10th Cir. 1995).

Defendant concedes, for purposes of summary judgment, that Plaintiff has established a prima facie case of disparate treatment discrimination. My decision is therefore confined to the question of whether Defendant produced a legitimate, non-discriminatory reason for its employment decision and, if so, whether Plaintiff produced evidence sufficient to raise a genuine issue of material fact on the question of pretext.

Defendant has met its burden of producing a legitimate nondiscriminatory reason for laying off Plaintiff. In order to meet this burden, Defendant does not need to prove that the reason was bona fide, nor does Defendant need to prove that the reasoning was applied in a nondiscriminatory fashion. EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir. 1992). In this case, Defendant has asserted that the reason for laying-

off Plaintiff was a reduction in force and that the decision was based on a seniority policy whereby the two supervisors with the least seniority were laid-off.

Because Defendant has put forth a legitimate nondiscriminatory reason for laying off Defendant, "the burden... shifts back to the plaintiff to show that 'there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual.'" Richmond, 120 F.3d at 208 (quoting Randle v. City of Aurora, 69 F.3d 441, 451 (10th Cir.1995) (internal quotation marks omitted). "A plaintiff can demonstrate pretext by showing 'weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's ... reasons for its action,' which 'a reasonable factfinder could rationally find .. . unworthy of credence.'" Id. at 209 (quoting Morgan, 108 F.3d at 1323) (citations and internal quotations omitted). Discriminatory intent can be proven by circumstantial evidence–"it is permissible for a trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 147 (2000).

In the case at hand, I find the record shows there are genuine issues of material facts concerning whether the Defendant's proffered reason for laying off Plaintiff was pretextual. First, Plaintiff has presented evidence that one supervisor with less seniority than Plaintiff was retained after Plaintiff was laid off. (See Dep. Rosenberg 35:23-36:13 and Pl. Resp. Exh. D). There is conflicting evidence in the record as to how many supervisors were employed by Defendant at the time of the lay-offs. Plaintiff points to evidence showing that there were four supervisors: Rick Aldrich, Steven Blanchard, Gilbert De La Fuente, and Defendant. Further, there is evidence in the

record that Rick Aldrich, one of the alleged supervisors who was not laid-off, was hired after the other three supervisors. (Def. Br. Ex. A at 2; Pl. Resp. Ex. D). Accordingly, this evidence tends to show that the seniority policy was not followed in deciding which of the two supervisors should be laid-off. If it is shown at trial that Defendant had unfettered discretion in deciding whether to implement this seniority policy or waive it altogether, this fact would support a showing of pretext. "[O]nce the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." Reeves, 530 U.S. at 147.

Further, there is evidence in the record that employees who were involved in the decision-making process gave different reasons for the choice to lay off the two Hispanic supervisors rather than the other, Caucasian, supervisor[s]. (Compare Shafer Dep. 30:19-23, 45:10-45:1 with Biggs Dep. 24:1-5). The Defendant asserts that the decision was based on the relative seniority of those who were in a supervisory position. (Def. Mtn. at ¶ 7). However, the testimony of Mr. Biggs–that the decision was based on skill base, not on seniority–casts doubt on Defendant's assertion that the decision was made solely on the relative seniority of the employees considered for lay-offs.[2] (See Biggs Dep. 24:1-5).

Based upon the foregoing, it is ORDERED that Defendant's Motion for Summary

---

[2] While it is correct that inconsistencies in an employer's explanation "do not necessarily create a genuine issue of pretext", Jaramillo v. Colorado Judicial Dept., 427 F.3d 1303, 1309 (10th Cir. 2005), such inconsistencies, however, coupled with other indirect evidence of pretext can create a genuine issue of material fact. See e.g. Cole v. Ruidoso Mun. Schools, 43 F.3d 1373, 1381 (10th Cir. 1994).

Judgment (Docket # 40) filed June 19, 2006, is **DENIED**.

Dated: November 8, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge Dated: November 8, 2006